In the Matter of the Application of GEORGE JONES, Appellant, for a Writ of Mandamus against THE VILLAGE OF FONDA, Respondent.

NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

*Mandamus against a village to compel the audit of a claim for injury to property from the closing of a highway, denied.*

An owner of property in a village, who claims that his property has been injured by the closing of a highway, is not entitled to a peremptory writ of mandamus to compel the auditing of his claim, as, if any wrong has been done him, he has a complete remedy against the municipality by action.

APPEAL by the petitioner, George Jones, from an order of the Supreme Court, made at the Montgomery Special Term and entered in the office of the clerk of the county of Montgomery on the 6th day of November, 1902, denying the petitioner's motion for a peremptory writ of mandamus to compel the Village of Fonda to consider the claim for injuries to property claimed to have been sustained by reason of the closing of a highway.

*J. S. Sitterly* and *H. V. Borst*, for the appellant.

*S. W. Putman* and *R. B. Fish*, for the respondent Village of Fonda.

*Thomas D. Watkins*, for the respondent New York Central and Hudson River Railroad Company.

Order unanimously affirmed, with ten dollars costs and disbursements, upon opinion of STOVER, J.

The following is the opinion of STOVER, J., delivered at Special Term:

STOVER, J.:

The application is for a peremptory writ of mandamus to compel the village to audit a claim for injuries to property, claimed to have been sustained by reason of the closing of a highway.

The statute* provides that the municipal corporation may, with the approval of the company, acquire, by purchase, any lands, rights or easements necessary or required for the purpose of carrying out the provisions of sections 60, 61 and 62 of the Railroad Act,† but if unable to do so, shall acquire such lands, rights or easements by condemnation, either under the Condemnation Law or under the provisions of the charter of such municipal corporation; and provides for notice to the company of the proceedings.

The claim is made by the petitioner that it is the duty of the municipality to acquire his rights before closing the street. The statute provides two ways of acquiring property by a municipal corporation; first, by agreement with the property owners, and, in case of failure to agree, by condemnation proceedings. Any taking of property, except by either of the ways mentioned, would be illegal, and subject the parties participating in such appropriation to an action.

While it is true that a mandamus should issue where a public officer or body neglects a plain duty, yet the duty must be plain and clear, and in this case the claim is made that there is no taking of any property or rights of the petitioner. It is not quite clear that the court could, upon such an application as this, compel the municipality either to audit the claim or to commence condemnation proceedings. Each of these acts requires the preliminary determination on the part of the municipality that there was a taking of the property, and that there was a necessity therefor.

---

* Railroad Law (Laws of 1890, chap. 565), § 63, as amd. by Laws of 1899, chap. 226.— [REP.

† Added by Laws of 1897, chap. 754, as amd. by Laws of 1898, chap. 520, and Laws of 1899, chap. 359.— [REP.

If the petitioner's property had been taken illegally, he has a complete remedy at law, and it would seem that mandamus is not the remedy of the petitioner. The municipality certainly has no right to audit the claim unless in their judgment the property is required for the purpose; in other words, it must be the subject of agreement between the parties as to the price before the municipal corporation alone can audit the claim. If such an agreement cannot be had, recourse must be had to the assessment by commissioners, and this must be done upon the application of the municipal corporation. It must be preceded by a determination that the rights in suit are necessary, and other preliminary requisites, in order to give jurisdiction under the Condemnation Law;* and it is not quite clear how a mandamus can accomplish the purpose of the relator herein, namely, the payment of his claim for damages. As before stated, if his property has been illegally taken, he has a complete remedy against the municipality for the wrong done him, and this should be enforced by action rather than mandamus.